1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11   MARK EDWARD STRICKLEN,                | Case No.: 1:23-cv-00537-CDB

12                     Plaintiff,

13            v.                           | **ORDER GRANTING REQUEST FOR**
                                           | **EXTENSION OF TIME WITHIN WHICH**
                                           | **TO RESPOND TO ORDER TO SHOW**
14   C. NORDTROM,                          | **CAUSE**

15                     Defendant.          | (Doc. 14)

16

17        Plaintiff Mark Edward Stricklen is proceeding pro se and *in forma pauperis* in this civil

18   rights action pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's Eighth Amendment

19   deliberate indifference to serious medical needs claim against Defendant C. Nordstrom.

20   **I.     RELEVANT PROCEDURAL BACKGROUND**

21        On May 18, 2023, the Court found service of the complaint appropriate, via the Court's e-

22   service pilot program, as to Defendant C. Nordstrom. (Doc. 9.)

23        On June 28, 2023, the California Department of Corrections and Rehabilitation ("CDCR")

24   filed its Notice of E-Service Waiver, indicating personal service would not be waived on Colin

25   Nordstrom's behalf. (Doc. 11.) Therefore, in accordance with the Court's service order issued

26   May 18, 2023, personal service was to be effected by the United States Marshal.

27        On September 22, 2023, the United States Marshal filed its USM-285 form indicating that

28   "McGinnis – Admin Assistant" at Management Solutions in Long Beach, California, accepted

1   service of the summons and complaint on behalf of Colin Nordstrom on September 6, 2023.

2   (Doc. 12.)

3        When more than 21 days passed following service, the Court issued its Order Requiring

4   Defendant Colin Nordstrom To Show Cause Within Thirty Days Why Default Should Not Be

5   Entered ("OSC") on October 17, 2023. (Doc. 13.) Specifically, Defendant was to respond in

6   writing to the OSC within 21 days and the deadline for filing a responsive pleading was extended

7   for that same period. (*Id*. at 2.)

8        On November 6, 2023, Defendant Nordstrom filed an ex parte application for extension of

9   the deadline within which to respond to the OSC. (Doc. 14.)

10       **II.     DISCUSSION**

11       Defendant seeks an extension of time through December 7, 2023, to respond to the OSC.

12   (Doc. 14 at 1.) Briefly stated, Defendant asserts his representation is in question among several

13   entities given his prior employment with an agency who contracted with the California

14   Correctional Health Care Services ("CHCS") and the CDCR. (*Id*. at 2.) Defendant states he is no

15   longer employed with HealthPro Network, Inc. and has moved to Texas. (*Id*.) He contends he

16   "never authorized any intermediary, specifically including 'McGinnis' or HealthPro to accept

17   service on his behalf," nor was he employed by HealthPro on the date of service of the summons

18   and complaint. (*Id*. at 2-3.) Defendant asserts he "is currently in the process of tendering his

19   defense to CDCR" and will be unable to "obtain a response prior to November 7, 2023." (*Id*. at

20   3.) He maintains a 30-day extension of time will likely allow "for Arch or CDCR to appoint

21   counsel" on his behalf. (*Id*.)

22   / / /

23

24   / / /

25

26   / / /

27

28

2

### III.    CONCLUSION AND ORDER

Accordingly, and for good cause shown, **IT IS HEREBY ORDERED** that Defendant's request for an extension of time to respond to the OSC (Doc. 14) is **GRANTED**. Defendant shall respond to the OSC no later than **December 7, 2023**.

IT IS SO ORDERED.

Dated:   __**November 7, 2023**__                    _____

UNITED STATES MAGISTRATE JUDGE