UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK EDWARD STRICKLEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. NORDTROM,<br><br>　　　　Defendant. | Case No.: 1:23-cv-00537-CDB<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**<br><br>**14-DAY DEADLINE**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Mark Edward Stricklen is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

### I.    BACKGROUND

On December 7, 2023, Defendant Nordstrom filed an answer to Plaintiff's complaint. (Doc. 16.)

Thereafter, on December 8, 2023, this Court issued its Order Referring Case to Post-Screening ADR and Staying Case for 90 Days. (*See* Doc. 18.) The parties were ordered to file "the attached notice, indicating their agreement to proceed to an early settlement conference or their belief that settlement is not achievable at this time" within 45 days of the date of the order. (*Id*. at 2.) The notice form was provided to the parties for their use. (*Id*. at 4.)

On January 23, 2024, Defendant filed his notice, indicating an early settlement conference would be productive and a willingness to engage in an early settlement conference. (Doc. 19.)

On January 24, 2024, when more than 45 days passed without a response from Plaintiff, the Court issued its Order Directing Plaintiff To Show Cause ("OSC") In Writing Why This Action Should Not Be Dismissed. (Doc. 20.) Plaintiff was to respond within 10 days. (*Id.* at 2.)

More than 10 days have passed, and Plaintiff has not responded to the OSC. Moreover, it has come to the Court's attention that Plaintiff is no longer in the custody of the California Department of Corrections and Rehabilitation ("CDCR").

## II.     DISCUSSION

### *Applicable Legal Standards*

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Local Rule 182(f) provides that a "pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address …. Absent such notice, service of documents at the prior address of the … pro se party shall be fully effective."

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court in deciding what to do and are not conditions that

must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

>    *Analysis*

Here, Plaintiff has failed to respond to the Court's December 8, 2023 and January 24, 2024 orders. Moreover, Plaintiff has been released from CDCR custody and has failed to keep the Court apprised of his current address.[1]

Plaintiff's failure to respond to the Order Referring Case to Post-Screening ADR and to the OSC, coupled with Plaintiff's failure to keep the Court apprised of his current and correct address, weigh in favor of dismissal. Given the Court's inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to obey orders, failure to prosecute this action and failure to keep the Court apprised of his current address. Thus, the first and second factors — the expeditious resolution of litigation and the Court's need to manage its docket — weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor, risk of prejudice to defendant, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, Defendant has appeared in this action and has also indicated a willingness to participate in an early settlement conference. This matter can proceed no further without Plaintiff's participation and a presumption of injury has arisen from Plaintiff's unreasonable delay in prosecuting this action. Thus, the third factor — a risk of prejudice to the defendant — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460

---

[1] *See* https://apps.cdcr.ca.gov/ciris/results?cdcrNumber=f91688, last accessed 2/5/2024 (same result 1/24/2024). The Court may take judicial notice of public information stored on the CDCR inmate locator website. *See In re Yahoo Mail Litig.*, 7 F.Supp.3d 1016, 1024 (N.D. Cal. 2014) (court may take judicial notice of information on "publicly accessible websites" not subject to reasonable dispute); *Louis v. McCormick & Schmick Restaurant Corp.*, 460 F.Supp.2d 1153, 1155 n.4 (C.D. Cal. 2006) (court may take judicial notice of state agency records).

F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits. He has instead stopped communicating with the Court altogether and has failed to comply with this Court's orders and the Local Rules. Therefore, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, in the First Informational Order in Prisoner/Civil Detainee Civil Rights Case issued April 6, 2023, Plaintiff was advised as follows: "In litigating this action, the parties must comply with this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules"), as modified by this Order. **Failure to so comply will be grounds for imposition of sanctions which may include dismissal of the case**. Local Rule 110; Fed. R. Civ. P. 41(b)." (*See* Doc. 3 at 1, emphasis added.) That Order further advised: "A pro se plaintiff must keep the Court and opposing parties informed of the party's correct current address. Local Rule 182(f). If a party moves to a different address without filing and serving a notice of change of address, documents served at a party's old address of record shall be deemed received even if not actually received. … If mail directed to a pro se plaintiff at the address of record is returned by the United States Postal Service as undeliverable, the order will not be re-served a second time absence a notice of change of address." (*Id*. at 5.) Next, in the Order Referring Case to Post-Screening ADR issued December 8, 2023, the parties were advised, "The parties are obligated to keep the Court informed of their current addresses during the stay and the pendency of this action. Changes of address must be reported promptly in a Notice of Change of Address. *See* L.R. 182(f)." (*See* Doc. 18 at 3.) Thus, the undersigned finds Plaintiff had adequate warning that dismissal could result from his noncompliance with a Court order and this Court's Local Rules. Thus, the fifth factor — the availability of less drastic sanctions — weighs in favor of dismissal. *Ferdik*, 963 F.2d at 1262; *Carey*, 856 F.2d at 1440.

In sum, Plaintiff has failed to comply with the Court's orders, and in doing so, has failed to prosecute this action. Whether Plaintiff has done so intentionally or mistakenly is

inconsequential. It is Plaintiff's responsibility to keep the Court apprised of his current address, to comply with the Court's orders and to prosecute this action. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore

### III. CONCLUSION, ORDER AND RECOMMENDATIONS

Accordingly, **IT IS HEREBY ORDERED** that the Clerk of the Court assign a district judge to this action.

Further, **IT IS HEREBY RECOMMENDED** that this action be dismissed, without prejudice, based on Plaintiff's failure to obey court orders, to prosecute this action, and to keep the Court apprised of his current or correct address.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 5, 2024**                          _____
                                                                          UNITED STATES MAGISTRATE JUDGE